UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JAMIE PHILLIP PERRY,

          Plaintiff,                  Case No. 1:25-cv-44

v.                                       Honorable Hala Y. Jarbou

CARRI BRISENO, et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action under 42 U.S.C. § 1983 brought by an individual with pending state criminal charges, who is currently at the Center for Forensic Psychiatry in Saline, Michigan. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice on the basis of immunity and for failure to state a claim.

**Discussion**

I. **Factual Allegations**

As noted above, Plaintiff is currently at the Center for Forensic Psychiatry in Saline, Michigan. The events about which he complains, however, relate to Plaintiff's pending criminal proceedings in Berrien County, as well as events that allegedly occurred while Plaintiff was detained at the Berrien County Jail (BCJ) in St. Joseph, Michigan. Plaintiff sues the following BCJ personnel: Captain Selena Herbert, Correctional Officer B. Kessler, Sergeant Unknown Rankin, Lieutenant Unknown Holt, Correctional Officer Unknown Sherrick, Correctional Officer K. Robbins, Correctional Officer N. Bailey, Correctional Officer Unknown Harrison, Correctional Officer Unknown Gardner, Correctional Officers Unknown Parties #1, and R. Soper. Plaintiff also sues the following individuals: Public Defender Carri Briseno, Public Defender Scott Sanford, Prosecutor Katherine Arnold, Judicial Officer Jennifer L. Smith, Judicial Officer Charles T. Lasata, Public Defender Katlin Lockee, and Judicial Officer Gary J. Bruce.

Plaintiff's allegations are scant and set forth on one page of his complaint. Plaintiff contends that "Berrien County . . . correctional officers ha[ve] deprived [him] of his life and liberty without [being] able to see the sky." (Compl., ECF No. 1, PageID.6.) Plaintiff suggests that he has been kept "on a 24 hour lock up for longer than 370 days an[d] nights." (*Id.*) He has made many requests to be moved and reclassified to general population. (*Id.*) Plaintiff also mentions that the "medical staff ha[ve] . . . denied [him] medical treatment many times." (*Id.*)

Plaintiff suggests that all Defendants have "conspired to violate [his] civil rights." (*Id.*) He avers that correctional officers have "violated their own handbook," and that he is being housed as if he is at a maximum security facility. (*Id.*) Plaintiff goes on to argue that the City of Niles is still actively pursuing charges "after a 180 day process in custody." (*Id.*) He asks the Court to refer to

2

Case No. 1:24-cv-542,[1] as well as "to [the] GTL tablet that inmates use for requests [and] grievances submitted." (*Id.*) He also suggests that incoming and outgoing mail is rewritten by officers at the BCJ. (*Id.*)

Plaintiff does not set forth what claims for relief he is asserting, but the Court construes his complaint to assert various Fourteenth Amendment constitutional claims related to his confinement at the BCJ and his pending criminal prosecution. Plaintiff seeks damages, as well as for his state prosecution to be moved to the "Supreme Court for disposition." (*Id.*, PageID.7.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

---

[1] This is a reference to *Perry v. Briseno et al.*, No. 1:24-cv-542 (W.D. Mich.). Plaintiff initiated that civil rights action against several of the same individuals named as Defendants in this action. The Court dismissed that action for failure to state a claim and as frivolous on June 21, 2024. *See Perry v. Briseno*, No. 1:24-cv-542, 2024 WL 3083258 (W.D. Mich. June 21, 2024).

3

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Failure to Name Individual Defendants in the Body of the Complaint

Here, Plaintiff fails to allege sufficient facts showing how any of the named Defendants were personally involved in the alleged violations of his constitutional rights. (*See generally* Compl., ECF No. 1, PageID.6.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not

4

allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name any individuals in the body of his complaint. (*See* Compl., ECF No. 1, PageID.6.) The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). And, "[s]ummary reference to a single, five-headed 'Defendants' [or officers or staff] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Plaintiff refers to "correctional officers," "medical staff," and "involved parties," throughout his complaint. These references are insufficient to show that any of the individual Defendants were personally involved in the alleged violations of Plaintiff's constitutional rights. And, Plaintiff's claims against Defendants fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Accordingly, for this reason alone, Plaintiff's complaint against Defendants is subject to dismissal for failure to state a claim. Moreover, Plaintiff's complaint suffers from additional defects, which the Court discusses below.

### B. Defendants Briseno, Sanford, and Lockee

Plaintiff has named Public Defenders Carri Briseno, Scott Sanford, and Katlin Lockee as Defendants in this matter. Although Plaintiff does not set forth factual allegations attributable to them, the Court presumes that these individuals have been involved in Plaintiff's representation

during his pending criminal proceedings. In any event, Defendants Briseno, Sanford, and Lockee are not state actors for purposes of § 1983. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if these Defendants were paid by the State of Michigan because of their positions as public defenders, this does not transform them into state actors. *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). Accordingly, Defendants Briseno, Sanford, and Lockee are subject to dismissal for this additional reason.

    **C.**    **Defendants Arnold, Smith, Lasata, and Bruce**

Plaintiff has also named Prosecutor Katherine Arnold and Judicial Officers Jennifer L. Smith, Charles T. Lasata, and Gary J. Bruce as Defendants in this matter. Again, it appears that Plaintiff takes issue with his pending criminal prosecution and that these individuals have been involved in that prosecution in various ways.

First, Defendant Arnold, as a prosecutor, is entitled to absolute immunity for any of her actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

6

Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection afforded by absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797. Here, any actions taken by Defendant Arnold with respect to prosecuting Plaintiff for violations of state law are intimately associated with the judicial phase of the criminal process. Accordingly, Defendant Arnold is entitled to immunity from any such claims, and such claims will be dismissed.

With respect to Defendants Smith, Lasata, and Bruce, identified as "judges" or "judicial officers," judges are generally absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Here, Plaintiff's complaint is devoid of allegations implicating either of the exceptions to judicial immunity. Accordingly, Defendants Smith, Lasata, and Bruce are entitled to immunity and will be dismissed.

### D.     Conspiracy Claim

Plaintiff contends that all involved parties have "conspired to violate [his] civil rights." (Compl., ECF No. 1, PageID.6.) A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action." *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Id.*; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Here, Plaintiff does not specifically allege that any "agreement" or "plan" existed between Defendants. (*See generally* Compl., ECF No. 1.) Instead, Plaintiff's allegations of conspiracy are wholly conclusory. He alleges no *facts* that indicate the existence of a plan, much less that any Defendant shared a conspiratorial objective. Plaintiff appears to rely on the fact that all of the Defendants are employed in some capacity in Berrien County. However, such allegations, even if hinting at a sheer "possibility" of conspiracy, do not contain "enough factual matter (taken as true) to suggest that an agreement was made." *Twombly*, 550 U.S. at 556–57. Instead, the Supreme Court has recognized that although parallel conduct may be consistent with an unlawful agreement, it is insufficient to state a claim where that conduct "was not only compatible with, but indeed was more likely explained by, lawful, unchoreographed . . . behavior." *Iqbal*, 556 U.S. at 680 (citing

8

*Twombly*, 550 U.S. at 567). Accordingly, because Plaintiff does not allege facts to show an agreement among Defendants, Plaintiff fails to state a plausible § 1983 civil conspiracy claim.

### E. Claims Regarding Conditions at BCJ

#### 1. Medical Care

Plaintiff contends that medical staff at BCJ have "denied [him] medical treatment many times." (Compl., ECF No. 1, PageID.6.)

To state a claim for inadequate medical care under the Fourteenth Amendment, a pretrial detainee must first allege an objectively serious medical need. *See Trozzi v. Lake Cnty., Ohio*, 29 F.4th 745, 757–58 (6th Cir. 2002). Until recently, the Sixth Circuit "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Greene v. Crawford Cnty.*, 22 F.4th 593, 605 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)). However, in *Kingsley v. Hendrickson*, the Supreme Court differentiated the standard for excessive force claims brought by pretrial detainees under the Fourteenth Amendment's Due Process Clause from those brought by convicted prisoners under the Eighth Amendment. 576 U.S. 389, 392–93 (2015). *Kingsley* left unanswered the question of "whether an objective standard applies in other Fourteenth Amendment pretrial-detainment context[s]." *Brawner*, 14 F.4th at 592.

Subsequently, in *Brawner*, the Sixth Circuit modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness. *Id.* at 592, 596. At issue in *Brawner* was a pretrial detainee's claim for deliberate indifference to medical needs. The Sixth Circuit held that to demonstrate deliberate indifference, "[a] pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Id.* at 596–97 (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)); *see also Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 316–17 (6th Cir. 2023) (affirming that

9

*Kingsley*, as interpreted by *Brawner*, required courts to "lower the subjective component from actual knowledge to recklessness"). A pretrial detainee must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Brawner*, 14 F.4th at 596 (citation and quotation marks omitted).

Here, Plaintiff's claims regarding the denial of medical care are entirely conclusory. He fails to describe what medical ailments he required care for, and he fails to allege any facts suggesting that any of the individual Defendants were personally involved in the denial of any medical care. In fact, although Plaintiff references the medical staff, it does not appear that he has named any medical providers as Defendants in this action. Any Fourteenth Amendment due process claims premised upon the denial of medical care will, therefore, be dismissed.

    2.    **Mail Issues**

Plaintiff suggests that staff at BCJ have rewritten his incoming and outgoing mail. (Compl., ECF No. 1, PageID.6.) "A prisoner's right to receive mail is protected by the First Amendment." *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008) (citing *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 427 (1993)). Like his claim regarding the denial of medical care, Plaintiff's claim regarding his mail is entirely conclusory. He fails to describe how any of the individual Defendants have been personally involved with any mail tampering, and he fails to set forth facts regarding how he believes his mail has been rewritten. Accordingly, any constitutional claims premised upon issues with Plaintiff's mail will be dismissed.

### 3. 24-Hour Lock Up

Plaintiff also contends that staff at BCJ held him "on a 24 hour lock up for longer than 370 days and nights." (Compl., ECF No. 1, PageID.6.) He alleges that he has been unable "to see the sky." (*Id.*) "There is no constitutionally minimum level of recreation that must be provided to prisoners." *Jefferson v. Afison*, No. 4:25-cv-2, 2025 WL 379875, at *5 (E.D. Tenn. Feb. 3, 2025) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). However, the Constitution may be violated when there is a "total or near-total deprivation of exercise or recreational activity, without penological justification." *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983). Here, Plaintiff fails to allege any facts suggesting that he could not exercise in his cell. Moreover, Plaintiff fails to set forth facts suggesting that any of the named Defendants have personally denied him the ability to go outside. Accordingly, Plaintiff's claims regarding his "24-hour lock up" will be dismissed.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice on the basis of immunity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: March 10, 2025                                /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     CHIEF UNITED STATES DISTRICT JUDGE